IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| STATE OF TEXAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 5:13-CV-00255-C |
| | ) | ECF |
| EQUAL EMPLOYMENT | ) | |
| OPPORTUNITY COMMISSION, *et al.*, | ) | |
| | ) | |
| Defendants | ) | |

## NOTICE OF ERRATUM

This erratum corrects a minor omission in the Equal Employment Opportunity Commission's ("EEOC's") memorandum in support of its motion to dismiss regarding the circumstances in which a right-to-sue letter may be issued to a state employee or applicant for state employment who has filed an administrative charge of discrimination with the EEOC. Memo. in Support of Mtn. to Dismiss ("Memo."), Jan. 27, 2014, Dckt. No. 16, at 4-5, 19. The memorandum identifies two circumstances in which such letters are issued. Memo. at 4-5, 19. First, it notes that the EEOC may issue a right-to-sue letter if the agency determines that there is no reasonable cause to believe that an administrative charge of discrimination against a state is true. Memo. at 4. Second, the memorandum explains that if the EEOC refers a charge to the Department of Justice because it concludes that there is reasonable cause to believe that the charge is true (recall, the EEOC cannot bring enforcement actions against states), then the Department

of Justice will issue a right-to-sue letter if it decides not to bring an enforcement action. Memo. at 5.

But right-to-sue letters may be issued in another circumstance. An employee or applicant may request – and receive – a right-to-sue letter before the EEOC has made a decision concerning whether there is reasonable cause to believe that a charge is true. 29 C.F.R. § 1601.28(a)(1), (a)(2), (d)(2). If a charging party requests a right-to-sue letter more than 180 days after s/he has filed the administrative charge of discrimination, and the EEOC has not yet decided whether there is reasonable cause to believe that the charge is true, then the EEOC will forward the charge to the Department of Justice for it to issue a right-to sue-letter. 29 C.F.R. § 1601.28(a)(1), (d)(2). If a complainant requests a right-to-sue letter before the EEOC has made a cause determination and 180 days have not yet passed, then the EEOC may make a determination that it will be unable to complete its investigation within 180 days and refer the charge to the Department of Justice for it to issue a right-to-sue letter. 29 C.F.R. § 1601.28(a)(2), (d)(2).

This small correction is relevant to the EEOC's argument that Count III (plaintiff's challenge to the constitutionality of Title VII, Compl. ¶¶ 41-43 ) is unripe and that plaintiff lacks jurisdiction to raise Count III – but it does not alter those conclusions. Memo. at 12,19. In its memorandum in support of dismissal, the EEOC listed four contingencies that must come to pass before the State of Texas would face a suit by an individual, and therefore any injury premised on such a suit:

> (i) plaintiff would have to exclude an individual from an employment opportunity based on a felony conviction; (ii) the individual would have to file an administrative charge with

> the EEOC; (iii) the EEOC would have to find that the claim lacked merit and issue a right to sue letter, or the Department of Justice, after receiving a referral from the EEOC, would have to decide not to bring an enforcement action and issue a right to sue letter; and; (iv) the individual would have to sue plaintiff on a disparate-impact theory.

*Id.* at 19.   This erratum clarifies that, in certain circumstances, there is a different contingency that must come to fruition before an individual may sue the State of Texas regarding one of its hiring policies.   Memo. at 19.   That is, in some circumstance, the need for the EEOC to make a cause determination – part of Roman numeral iii in the paragraph quoted above – is replaced by a plaintiff's request for a right-to-sue letter prior to such a determination.   *See id.*   Nevertheless, as stated in the brief, four contingencies must still come to fruition before plaintiff faces a suit:   The third contingency simply includes the filing of a request for a right-to-sue letter, in addition to the issuance of a cause determination by the EEOC, as a predicate for the Department of Justice issuing such a letter.   This clarification also does not change the fact that the complaint fails to allege that a single individual has sued Texas, under a Title VII disparate-impact theory, based on felony-conviction hiring exclusion, and that the government is unaware of any reported case reflecting these circumstances.   *Id.*

    DATED this 14th day of February, 2014.

                                    Respectfully submitted,

                                    STUART F. DELERY
                                    Assistant Attorney General

                                    SARAH R. SALDAÑA

        United States Attorney

        JOSHUA E. GARDNER
        Assistant Director, Federal Programs Branch

        *s/ Justin M. Sandberg*
        JUSTIN M. SANDBERG, IL Bar No. 6278377
        Trial Attorney
        U.S. Department of Justice
        Civil Division, Federal Programs Branch
        20 Mass. Ave. NW, Rm. 7302
        Washington, D.C. 20001
        Telephone:   (202) 514-5838
        Facsimile:   (202) 616-8202
        Justin.Sandberg@usdoj.gov
        *Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on February 14, 2014, a true and correct copy of the foregoing was served by CM/ECF on:

Jonathan F. Mitchell
Andrew Stephen Oldham
Arthur D'Andrea
Office of the Texas Attorney General
209 West 14th Street
P.O. Box 12548
Austin, Texas 70711-2548

                                                s/ *Justin M. Sandberg*
                                                JUSTIN M. SANDBERG
                                                Trial Attorney
                                                U.S. Department of Justice