UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| STATE OF TEXAS,<br><br>               Plaintiff,<br><br>               v.<br><br>EQUAL EMPLOYMENT OPPORTUNITY COMMISSION; JACQUELINE A. BERRIEN, in her official capacity as Chair of the Equal Employment Opportunity Commission; and ERIC H. HOLDER, in his official capacity as Attorney General of the United States,<br><br>             Defendants,<br><br>             and<br><br>TEXAS STATE CONFERENCE OF THE NAACP and BEVERLY HARRISON,<br><br>             Proposed Defendant-Intervenors. | Case No. 5:13-cv-00255-C<br>ECF Case<br><br>Judge Sam R. Cummings |

### MOTION TO INTERVENE OF TEXAS STATE CONFERENCE OF THE NAACP AND BEVERLY HARRISON

1.     Pursuant to Rules 24(a) and (b) of the Federal Rules of Civil Procedure ("Federal Rules") and Rule 7.1 of the Local Civil Rules ("Local Rules") of the Northern District of Texas, the Texas State Conference of the NAACP (hereinafter "Texas NAACP") and Beverly Harrison (collectively with the Texas NAACP, "Applicants") hereby move this Court for leave to intervene as Defendant-Intervenors.

2.     The Texas NAACP is one of the oldest and largest non-profit organizations in the

state of Texas that promotes and protects the rights of African Americans. It has over sixty branches across Texas, and the members of those branches are residents of every region of the state. The Texas NAACP, along with its constituent branches, has worked to eliminate barriers faced by people with criminal records, including obstacles that prevent those individuals from obtaining employment.

3.  Beverly Harrison resides in Dallas, Texas. Ms. Harrison is a 58-year-old African-American woman who retired from the Dallas City Marshal's Office in 2009 after nearly thirty years of service to the City of Dallas. Ms. Harrison has continued to work since her retirement and, in 2013, applied for a job with Dallas County Schools ("DCS") as a school crossing guard or bus monitor. Ms. Harrison received a conditional offer of employment from DCS and began work as a school crossing guard. After eight days on the job, however, Ms. Harrison learned that DCS was terminating her employment because of an entry that appeared on her criminal background report, which indicated that Ms. Harrison had been convicted of felony assault in 1975. In 1975, when she was 18 years old, Ms. Harrison pleaded no contest to the offense of aggravated assault, a third-degree felony, and was sentenced to five years of probation. However, in 1977, after two years of satisfactory compliance with the terms of her probation, the Dallas County Criminal Court issued an order discharging Ms. Harrison from probation early, setting aside the judgment of conviction, and "releas[ing her] from all penalties and disabilities resulting from the Judgment of Conviction." In the nearly 40 years since, Ms. Harrison has never been convicted of a crime. Nonetheless, the entry from 1975 renders her ineligible to secure employment with certain governmental employers in the State of Texas.

4.  Applicants seek intervention as of right under Rule 24(a)(2) of the Federal Rules of Civil Procedure. They have interests related to the subject of the action, and the disposition of

this action may, as a practical matter, impair or impede their ability to protect those interests. Moreover, Applicants' interests may not be adequately represented by the existing parties to the litigation.

5. In the alternative, Applicants seek permissive intervention under Rule 24(b)(2) of the Federal Rules of Civil Procedure. Applicants' defenses and the main action share common questions of law and fact, and their participation will not delay or prejudice the adjudication of the rights of the parties.

6. Applicants' Motion to Intervene is timely, given that the complaint was filed on November 4, 2013 (Dkt. No. 1), Defendants have not yet filed an answer, and a case management schedule has not yet been set. *See Doe #1 v. Glickman*, 256 F.3d 371, 377 (5th Cir. 2001) (motion to intervene filed shortly after intervenor became aware lawsuit would implicate its interests was timely); *Wildearth Guardians v. Salazar*, 272 F.R.D. 4, 15 (D.D.C. 2010) (undisputed that motion was timely filed forty-one days before the defendants filed an answer to the amended complaint, before the administrative record had been filed, and before a briefing schedule for dispositive motions had been set). To date, the only substantive events that have occurred in the litigation are: (i) the filing of an amended complaint by Plaintiff on March 18, 2014 (Dkt. No. 24), and (ii) the filing of a motion to dismiss by Defendants on April 4, 2014 (Dkt. Nos. 29-33). Because the litigation is in its earliest stages, the existing parties will not suffer any prejudice if Applicants' Motion to Intervene is granted.

7. Applicants' Motion to Intervene is also timely because it has been filed promptly upon learning of Applicants' interests in the case. Applicants make this application at the present time, notwithstanding Defendants' pending motion to dismiss, in order to promptly alert the Court and the existing parties of their interests in this matter and to avoid the prejudice and

unnecessary delay that could be occasioned by deferring the filing until after the resolution of the pending motion.

8.     However, because Defendants' pending motion to dismiss could dispose of this case entirely, Applicants respectfully request that the Court, in the interest of judicial economy, stay consideration of their Motion to Intervene until the pending motion is resolved.  As an initial matter, Applicants strongly agree with Defendants that this case should be dismissed on jurisdictional grounds.  Plaintiff lacks standing to bring this action, and even assuming *arguendo* that Plaintiff did have standing, none of its claims are ripe.  Moreover, briefing Applicants' Motion to Intervene at the present time would require both the parties and the Court to devote resources to addressing their motion concurrently with Defendants' motion to dismiss.  If, however, Defendants' motion is granted in full, Applicants' request to intervene will become moot.  And even if Defendants' motion is only granted in part, the Court's order and opinion will inform the extent to which Applicants' interests are likely to be impaired by disposition of this action.  Delaying briefing and adjudication of Applicants' Motion to Intervene will not prejudice the parties and will not result in any meaningful delay to the proceedings.

9.     Therefore, Applicants request that, in the event that the pending motion to dismiss is denied in whole or in part, or if the First Amended Complaint is dismissed but later reinstated in whole or in part by the Court of Appeals, the Court enter the following schedule on Applicants' Motion to Intervene:

| **Event** | **Proposed Deadline** |
|---|---|
| Proposed Defendant-Intervenors submit memorandum of law in support of Motion to Intervene, Proposed Answer to the Complaint, and Motions for Pro Hac Vice Admissions | No later than 30 days after Court rules on Defendants' Motion to Dismiss or 30 days after Court of Appeals issues mandate |
| Parties' Responsive Briefs | 30 days from the date Proposed |

| Event | Proposed Deadline |
|---|---|
|  | Defendant-Intervenors submit memorandum of law |
| Proposed Defendant-Intervenors' Reply Brief | 14 days from the date the Parties submit their responsive briefs |

10.   As detailed in the Certificate of Conference, Applicants have conferred with the parties, and they take no position on Applicants' request for a briefing schedule.

Dated:   May 22, 2014             Respectfully submitted,

*s/ Edward B. Cloutman*
Edward B. Cloutman III (Bar No. 04411000)
CLOUTMAN & CLOUTMAN, L.L.P.
3301 Elm Street
Dallas, Texas 75226
Telephone:  (214) 939-9222
Facsimile:  (214) 939-9229
E-Mail: crawfish11@prodigy.net

Sherrilyn Ifill
Christina A. Swarns
ReNika C. Moore**
Ria Tabacco Mar**
NAACP LEGAL DEFENSE & EDUCATIONAL FUND, INC.
40 Rector Street, 5th Floor
New York, New York 10006
Telephone:  (212) 965-2200
Facsimile:  (212) 226-7592
E-Mail:  sifill@naacpldf.org
           cswarns@naacpldf.org
           rmoore@naacpldf.org
           rtabacco@naacpldf.org

Johnathan J. Smith**
NAACP LEGAL DEFENSE & EDUCATIONAL FUND, INC.
1444 I Street NW, 10th Floor
Washington, District of Columbia 20005

Telephone: (202) 682-1300
Facsimile: (202) 682-1312
E-Mail: jsmith@naacpldf.org

Kim Keenan
Marshall Taylor
Victor Goode
   *Of Counsel*
NATIONAL ASSOCIATION FOR THE
ADVANCEMENT OF COLORED PEOPLE
4805 Mount Hope Drive
Baltimore, Maryland 21215
Telephone: (410) 580-5120
Facsimile: (410) 358-1607
E-Mail: kkeenan@naacpnet.org
        mtaylor@naaacpnet.org
        vgoode@naacpnet.org

**Attorneys for Proposed Defendant-Intervenors**

*\*\*applications for pro hac vice admission forthcoming*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| STATE OF TEXAS,<br><br>　　　　　　Plaintiff,<br><br>　　　　v.<br><br>EQUAL EMPLOYMENT OPPORTUNITY COMMISSION; JACQUELINE A. BERRIEN, in her official capacity as Chair of the Equal Employment Opportunity Commission; and ERIC H. HOLDER, in his official capacity as Attorney General of the United States,<br><br>　　　　　　Defendants,<br><br>　　　　and<br><br>TEXAS STATE CONFERENCE OF THE NAACP and BEVERLY HARISON,<br><br>　　　　　　Proposed Defendant-Intervenors. | Case No. 5:13-cv-00255-C<br>ECF Case<br><br>Judge Sam R. Cummings |

### CERTIFICATE OF CONFERENCE

　　　　Pursuant to Rule 7.1 of the Local Civil Rules of the Northern District of Texas, Counsel for Proposed Defendant-Intervenors have conferred with counsel for the existing parties. On May 20, 2014, Arthur D'Andrea, Counsel for Plaintiff, informed Ria Tabacco Mar, Counsel for Proposed Defendant-Intervenors, via telephone message, that Plaintiff takes no position on Applicants' request for a briefing schedule and opposes Applicants' Motion to Intervene. Ms. Tabacco Mar left a return telephone message for Mr. D'Andrea but did not receive a response.

7

On May 21, 2014, Justin Sandberg, Counsel for Defendants, informed Edward Cloutman, Johnathan Smith, and Ria Tabacco Mar, Counsel for Proposed Defendant-Intervenors, via electronic mail, that Defendants will take no position on Applicants' Motion to Intervene until such time, if ever, that Proposed Defendant-Intervenors submit their memorandum of law in support of Motion to Intervene and Proposed Answer.

Dated:     May 22, 2014              *s/ Edward B. Cloutman*
                                                  Edward B. Cloutman III (Bar No. 04411000)
                                                  CLOUTMAN & CLOUTMAN, L.L.P.
                                                  3301 Elm Street
                                                  Dallas, Texas 75226
                                                  Telephone:  (214) 939-9222
                                                  Facsimile:  (214) 939-9229
                                                  E-Mail: crawfish11@prodigy.net

**CERTIFICATE OF SERVICE**

I certify that on May 22, 2014, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following currently listed electronic filing users:

Jonathan F. Mitchell
Andrew Stephen Oldham
Arthur D'Andrea
Office of the Texas Attorney General
209 West 14th Street
P.O. Box 12548
Austin, Texas 70711

Justin M. Sandberg
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue NW, Room 7302
Washington, District of Columbia 20001


Dated:   May 22, 2014                  *s/ Edward B. Cloutman*
                                       Edward B. Cloutman III (Bar No. 04411000)
                                       CLOUTMAN & CLOUTMAN, L.L.P.
                                       3301 Elm Street
                                       Dallas, Texas 75226
                                       Telephone:  (214) 939-9222
                                       Facsimile:  (214) 939-9229
                                       E-Mail: crawfish11@prodigy.net