IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| STATE OF TEXAS,<br><br>*Plaintiff,*<br><br>vs.<br><br>EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>JACQUELINE A. BERRIEN,<br>    in her official capacity as Chair of the Equal Employment Opportunity Commission,<br><br>And<br><br>ERIC H. HOLDER,<br>    in his official capacity as Attorney General of the United States,<br><br>*Defendants.* | Case No. 5:13-cv-00255-C |

## ADVISORY

The State of Texas provides the following Advisory regarding the Equal Employment Opportunity Commission's ("EEOC") Felon-Hiring Rule.[1] In its opposition to the defendants' motion to dismiss the FAC, the State explained that the EEOC is trying to have its cake and eat it too. On the one hand, the Commission is using its Felon-Hiring Rule, abusive enforcement tactics, and allegations of racism to force employers to change their no-felons policies. On the other hand, the Commission hopes to avoid judicial review by convincing this Court that the Felon-Hiring Rule is not worth the paper it's printed on.

---

[1] *See* EEOC, Consideration of Arrest and Conviction Records in Employment Decisions Under Title VII of the Civil Rights Act of 1964, No. 915.002, at 24 (Apr. 25, 2012) ("Felon-Hiring Rule," attached as Exhibit A to the First Amended Compl. ("FAC"), ECF No. 24 (Mar. 18, 2014)).

The State respectfully submits this Advisory to call the Court's attention to further evidence of the EEOC's double-talk.  Stephen J. Quezada represents a Texas employer that currently is on the receiving end of an EEOC enforcement action under the Felon-Hiring Rule.  In a letter to the EEOC dated June 20, 2014, Mr. Quezada challenged the Commission's basis for alleging discrimination by his client.  Mr. Quezada noted that — according to the EEOC's own pleadings in this case — his client need not comply with the Felon-Hiring Rule; that "a violation of [the Felon-Hiring Rule] is not illegal"; and that "[t]he Commission [has] admit[ted] that its Enforcement Guidance lacks the 'force of law' that it is forcing on Respondent." Ex. A-1, at 4.  In response, the EEOC forcefully disagreed:

> At this stage, your only misunderstanding that warrants a reply concern [*sic*] the enforcement guidance.  After all, we would be remiss to allow your confusion to harm your client on this score. . . . [I]t is hoped you will not mislead your client into believing it would be a good policy for it to ignore the enforcement guidance on criminal convictions.  Yet that might be the effect of your ideas about this matter as, for example, you have mischaracterized that guidance as 'ineffectual'.
>
> My recommendations will be forwarded to enforcement management as my efforts to obtain relevant evidence have not, apparently, induced you to be more cooperative.

Ex. A-2, at 1–2.

The EEOC's letter to Mr. Quezada — and the Commission's continued threats against an employer that allegedly disobeyed the Felon-Hiring Rule[2] — further demonstrate that the State's challenge to the Rule is justiciable.  Indeed, when it is not attempting to defeat this Court's jurisdiction, EEOC candidly disagrees with the Justice Department's view that the Felon-Hiring Rule "is 'ineffectual.'"  *Id.* at 1; *compare, e.g.*, EEOC's Mot. to Dismiss at 6 (ECF No. 16 Jan. 27, 2014) ("The EEOC Guidance, however, lacks legal effect."); *id.* at 7 ("[N]o 'legal consequences' flow from it.").

---

[2] The State does not know the name of Mr. Quezada's client.  Nor does the State know anything about the particularities of the EEOC's investigation, beyond those revealed in Exhibit A.  Therefore, the State takes no position on whether the EEOC's investigation is otherwise justified.

## CONCLUSION

Defendants' motion to dismiss should be denied.

                                    Respectfully submitted.

                                    GREG ABBOTT
                                    Attorney General of Texas

                                    DANIEL T. HODGE
                                    First Assistant Attorney General

                                    JONATHAN F. MITCHELL
                                    Solicitor General

                                    /s/ Andrew S. Oldham
                                    ANDREW S. OLDHAM
                                    Deputy Solicitor General

                                    ARTHUR C. D'ANDREA
                                    RICHARD B. FARRER
                                    DUSTIN M. HOWELL
                                    Assistant Solicitors General

                                    209 West 14th Street
                                    P.O. Box 12548
                                    Austin, Texas 70711-2548
                                    (512) 936-1700

Dated: July 22, 2014

## CERTIFICATE OF SERVICE

  I hereby certify that, on July 22, 2014, a true and correct copy of the foregoing was served by CM/ECF on:

Justin M. Sandberg, Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Mass. Ave. NW, Rm. 7302
Washington, D.C. 20001
Justin.Sandberg@usdoj.gov

         /s/ Andrew S. Oldham
         Andrew S. Oldham