# EXHIBIT A-1

# Ogletree
# Deakins

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

*Attorneys at Law*

One Allen Center
500 Dallas Street, Suite 3000
Houston, TX 77002
Telephone: 713.655.0855
Facsimile: 713.655.0020
www.ogletreedeakins.com

Stephen J. Quezada
713.655.5772
stephen.quezada@ogletreedeakins.com

June 20, 2014

*Via Facsimile 713.651.4902*
Stephen Damiani
U.S. EEOC
Houston District Office
1201 Louisiana St., 6th Floor
Houston, Texas 77002

RE:

Dear Mr. Damiani:

    I'm responding to your letter dated June 9, 2014. You indicated that the Commission plans to issue a cause finding in this matter. A cause finding, however, is inappropriate. Respondent's background check policy was not applied to Charging Party; no disparate impact occurred with relation to Respondent's customer's policy that was applied to Charging Party; Respondent's background check is no longer in effect, and Plaintiff did not engage in any protected activity. Further, the Enforcement Guidance that you are attempting to impose on Respondent is, by the Commission's own admission, merely its "unremarkable" view and not law.

    We hope that the Commission will consider its position on this charge, and upon review of the entire case file, dismiss the above-referenced Charge with a no-cause finding.

## I. Background

    This is a national origin disparate impact and retaliation charge of discrimination arising from Charging Party's employment with Respondent as an industrial scaffold carpenter journeyman. Respondent is a company that provides engineering, construction, and maintenance service to its customers for work in energy infrastructure facilities. On June 5, 2012, Charging Party filed a Charge of Discrimination alleging that Respondent's "practice and/or policy

Atlanta • Austin • Berlin (Germany) • Birmingham • Boston • Charleston • Charlotte • Chicago • Cleveland • Columbia • Dallas • Denver
Detroit Metro • Greenville • Houston • Indianapolis • Jackson • Kansas City • Las Vegas • London (England) • Los Angeles • Memphis
Miami • Minneapolis • Morristown • Nashville • New Orleans • New York City • Orange County • Philadelphia • Phoenix • Pittsburgh
Portland • Raleigh • Richmond • St. Louis • St. Thomas • San Antonio • San Diego • San Francisco • Stamford • Tampa • Torrance • Tucson • Washington

June 20, 2014
Page 2



regarding criminal background checks has an adverse impact against Hispanics as a class," and alleging that Respondent retaliated against him when it terminated his employment.

Charging Party worked for Respondent at the ⬤ Chemical Plant in ⬤ Texas from April 25, 2011, until April 24, 2012. ⬤ is Respondent's customer. Charging Party expressed interest in a permanent maintenance position as an industrial scaffold carpenter journeyman at the ⬤ Chemical Plant. ⬤'s policy requires that permanent or full-time employees working at its plant complete a background check. A background check was performed on Charging Party, and it revealed that Charging Party had a felony burglary conviction for which he was sentenced to a 20-year prison term.[1] ⬤'s policy did not allow Charging Party to continue working at its location. Respondent terminated Charging Party's employment on April 24, 2012 because he was not able to continue to work in this location and another position for which he qualified was not readily available. Charging Party filed this Charge on or about June 5, 2012. The Commission's investigation ensued.

In our conversation on June 7, 2014, you stated that you anticipated the issuance of a cause finding for four reasons: (1) the time period was removed from the Respondent's background check policy, which was not applied to Charging Party; (2) you believe Respondent should have done more to place Charging Party in a position subsequent to his removal from the ⬤ Project; (3) Respondent did not provide Charging Party with a pre-adverse action notification;[2] and (4) Respondent did not perform an individualized assessment of Charging Party's criminal history prior to his termination. For these reasons, you stated it was the Commission's goal to change Respondent's background check policy (which is no longer in effect).

A cause finding related to Charging Party's disparate impact allegation is not warranted because: (1) Respondent's background check policy was not applied to Charging Party and has been discontinued; (2) the data provided to the Commission demonstrates that a disparate impact did not occur with respect to the policy that did apply to Charging Party; and (3) the standards you refer to and impose on Respondent (listed above) are not substantive rules, and adherence to them is not required.[3]

---

[1] Charging Party also has two offenses for driving while intoxicated (Cause Nos.: ⬛⬛⬛ and ⬛⬛⬛), a felony auto theft offense (Cause No.: ⬛⬛⬛), and second felony burglary offense (Cause No.: ⬛⬛⬛) in Harris County. These offenses, however, were not known to Respondent during Charging Party's employment and were not taken into consideration.

[2] Respondent concedes that it failed to provide this notice to Charging Party, but denies that this was done in discrimination against Charging Party. Indeed, there is no evidence of discrimination and Charging Party is, and has been, eligible for rehire.

[3] Charging Party also asserts that Respondent retaliated against him. This claim fails on its face because Charging Party never engaged in a protected activity.

June 20, 2014
Page 3

**Ogletree Deakins**

II. <u>**Charging Party's disparate impact claim fails and a cause finding is not warranted**</u>

  *i. Respondent's background check policy is irrelevant because it was not applied to Charging Party and is no longer in effect*

As Respondent informed the Commission from the outset of this more than two year investigation, and which the Commission acknowledged, Respondent's background policy was not applied to Charging Party. Further, Respondent's background check policy is moot because it is no longer in effect.

For these reasons alone, Charging Party's Charge should be dismissed.

  *ii. The data demonstrates that the policy applied to Charging Party does not have a disparate impact on Hispanics*

Charging Party's disparate impact claim also fails because the applicant and hire data provided to the Commission by Respondent demonstrates that no disparate impact occurred.

On August 8, 2012, Respondent provided the Commission with the name, race, and position of its employees working at the ▮ Plant and who were subject to the ▮ policy. That data demonstrates that Charging Party's disparate impact allegation is baseless, and is summarized as follows:

|  | Hispanic | White | Black |
|---|---|---|---|
| Number | 51 | 27 | 9 |

58.6% of all employees are Hispanic.

On February 8, 2013, in response to the Commission's first of four requests for information, Respondent provided the Commission with the "name, race, position, and application of all [persons], [*sic*] not hired due to criminal records and/or ▮▮▮▮'s criminal background check policy after June 6, 2011," as follows:

|  | 2011 | 2012 | TOTAL |
|---|---|---|---|
| Hispanic | 8 | 14 | 22 |
| White | 5 | 10 | 15 |
| Black | 1 | 2 | 3 |

On August 16, 2013, in response to the Commission's second request for information, Respondent provided the Commission with "a listing of all individuals not hired, promoted, or referred for a job by ▮▮, including but not limited to Charging Party ▮▮▮ after his April 24, 2012 discharge, due to this policy from the time period January 1, 2012 to the present," as follows:

June 20, 2014  
Page 4

**Ogletree Deakins**

|         | Hispanic | White | Black | Unknown[4] |
|---------|----------|-------|-------|------------|
| **Number** | 19 | 4 | 3 | 10 |

On March 11, 2014, in response to the Commission's fourth request for information, Respondent provided the Commission with "all individuals (to include both craft and salaried employees) who were placed into positions (whether temporary or permanent), by Respondent beginning April 1, 2012 through July 31, 2013 at [] four locations: ▓▓ ▓▓ (now ▓▓ ▓▓), ▓▓ and ▓▓ [sic] ▓▓," as follows:

|         | Hispanic | White | Black | Unknown |
|---------|----------|-------|-------|---------|
| **Number** | 92 | 48 | 12 | 6 |

58.2% of all employees hired by Respondent at the above-listed locations are Hispanic.

Clearly the ▓▓ policy that was applied to Charging Policy, and similar unrelated policies at unrelated locations, did not have a disparate impact on Hispanic applicants or employees. The Commission admits that not even "a blanket prohibition on hiring felons," can "constitute a disparate impact...unless the evidence demonstrates that the practice has a statistically differential effect [] on a protected class."[5] Charging Party's disparate impact allegation is baseless and his Charge should be dismissed because the data demonstrates that no disparate impact occurred.[6]

      *iii.* *The EEOC concedes that adherence to its criminal background check enforcement guidance is not required, that the guidance is unremarkable and merely presents the Commission's ineffectual interpretation, and concedes that individualized assessments are not required.*

You stated that the Commission will issue a cause finding in this case because, *inter alia*, Respondent did not perform an individualized assessment of Respondent's background check results, as required by the Commission's Enforcement Guidance related to criminal background checks ("Enforcement Guidance").[7] The Commission, however, admits that its Enforcement Guidance lacks the "force of law" that it is forcing on Respondent.[8]

---

[4] Those employees' who race is unknown are ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.

[5] *State of Texas v. EEOC, et al.*, Cause No. 5:13-cv-00255, In the United States District Court for the Southern District of Texas, Lubbock Division, Dkt. 16 at p. 20 (citing *Hill v. Miss. State Employment Svcs.*, 918 F.2d 1233, 1238 (5th Cir. 1990)).

[6] You also stated that the Commission will issue a cause finding because Respondent's defunct policy, which was not applied to Charging Party, did not contain a time limitation. A cause finding is still not warranted because the necessary predicate—an actual disparate impact on a protected class—is not present.

[7] You also stated that your legal department is closely monitoring this Charge, and that your correspondence dated May 23, 2014, advising of the Commission's concerns that will lead to a cause finding was vetted by multiple layers of review within the Commission's legal department. You stated that because the Commission's legal department approved the language of your correspondence that you were not able to deviate from its language or position.

[8] *State of Texas v. EEOC, et al.*, Cause No. 5:13-cv-00255, Dkt. 16 at pp. 13-14 (the Commission also admits that a violation of its Enforcement Guidance is not illegal).

June 20, 2014
Page 5



      The Commission admits that the performance of an individualized assessment prior to taking an adverse action is only its "view,"[9] is "unremarkable," and "does not have any legal consequences."[10] The Commission also admits that it cannot "punish employers for practices that diverge, from its perspective, from the requirements of Title VII."[11] The Guidance is merely the Commission's "interpretation."[12] Further, the Commission asserts that its Enforcement Guidance states the "opposite" of the absolute requirement to perform an individualized assessment you are imposing on Respondent.[13] Indeed, the Commission states that its Enforcement Guidance "does not necessarily require [an] individualized assessment."[14] Because you are imposing the requirement to perform an individualized assessment contained in the Enforcement Guidance, the Commission is improperly altering the obligations imposed on Respondent by Title VII, and the cause finding you stated the Commission intends to issue is inappropriate and improper.

### III.  Conclusion

      For all these reasons, Respondent requests that the Commission dismiss Charging Party's Charge of Discrimination.

Very truly yours,

Stephen J. Quezada

SJQ:lga

---

[9] *Id.* at p. 6.
[10] *Id.* at Dkt. 30, p. 7. "The Guidance is just that – guidance. In a nutshell, it reflects the EEOC's view – unremarkable in light of Title VII's prohibition on disparate-impact discrimination." *Id.*
[11] *Id.*
[12] *Id.* at p. 8.
[13] *Id.* at p. 27.
[14] *Id.*