# EXHIBIT A-2



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Houston District Office**

Total Plaza
1201 Louisiana Street - 6th Floor
Houston, TX 77002-8049

Houston Direct Dial (713) 651-4921
stephen.damiani@eeoc.gov

FAX (713) 651-4987

July 9, 2014

Stephen Quezada
Ogletree & Deakins
One Allen Center
500 Dallas Street, Suite 3000
Houston, Texas 77002

BY FAX (713-655-0855) Only

    Re:

Dear Mr. Quezada:

    You have replaced earlier lawyers in this matter and, for that reason, my most recent letters, those sent on May 23rd and June 9th have been an attempt to focus your client's attention on consequential matters of which you might not otherwise be aware. It was hoped that you would address the concerns raised in those letters. More particularly, I expressed the concern that you imposed preconditions on a witness interview that are unacceptable and that it was expected you would provide "any and all evidence in any form that explains why Charging Party was not referred to any jobs after he was removed from ●." Your June 20th letter has not provided any relevant evidence regarding the matter of CP's not being referred to jobs after he was removed from ● but you did recapitulate some other information and, of course, this matter will be reviewed. In that vein, though, your letter contains misrepresentations regarding our conversation, the criminal conviction enforcement guidance and the content of earlier correspondence.

    At this stage, your only misunderstanding that warrants a reply concern the enforcement guidance. After all, we would be remiss to allow your confusion to harm your client on this score. When you cite a motion to dismiss pending in a lawsuit, you have confused issues arising under the Administrative Procedures Act regarding whether or not there is final agency action warranting judicial review with the agency's appropriate role in providing guidance to employers and employees. If the Commission issues cause and conciliation fails and then it chooses to file suit against a private employer, under certain circumstances, judicial review may be appropriate pursuant to the APA. But before the EEOC files suit against a respondent, when the APA cannot be invoked as there is no final agency action, the criminal conviction guidance is, as it suggests, guidance. It is not self-enforcing but, rather, dependent on a court's merits decision after suit has been filed. Put otherwise, it is hoped you will not mislead your client into believing it would be a good policy for it to ignore the enforcement guidance on criminal convictions. Yet that might be the effect of your ideas about this matter as, for example, you have mischaracterized that guidance as "ineffectual".

My recommendations will be forwarded to enforcement management as my efforts to obtain relevant evidence have not, apparently, induced you to be more cooperative.

Sincerely,

Stephen Damiani
Lead Systemic Investigator