IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| STATE OF TEXAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| EQUAL EMPLOYMENT OPPORTUNITY ) | |
| COMMISSION, et al., ) | |
| ) | |
| Defendants. ) | Civil Action No. 5:13-CV-255-C |

## ORDER

On this day, the Court considered:

(1) Defendants' Motion to Dismiss First Amended Complaint, filed April 4, 2014, along with the Appendix to Memorandum in Support;

(2) Plaintiff's Opposition, filed April 18, 2014, along with Exhibits in Support;

(3) Defendants' Unopposed Motion for Leave to File Reply Brief, filed May 22, 2014; and

(4) Plaintiff's Supplemental Document, filed July 22, 2014.

## I.
## BACKGROUND

The State of Texas ("Texas") has filed this lawsuit seeking declaratory and injunctive relief against the Equal Employment Opportunity Commission ("EEOC") and the Attorney General of the United States premised upon the Commission's "Enforcement Guidance on the

Case 5:13-cv-00255-C   Document 36   Filed 08/20/14   Page 2 of 8   PageID 858

Consideration of Arrest and Conviction Records in Employment Decisions Under Title VII" ("the Guidance").[1]

The EEOC asserts that it is within its bounds in promulgating the Guidance in an effort to enforce the disparate-impact discrimination provisions of Title VII. More specifically, the EEOC views employment policies or practices that categorically exclude convicted felons as a possibly unlawful disparate-impact practice. The EEOC also views Title VII as requiring employers to conduct individualized assessments of each applicant's/employee's job applications in relation to the criminal history of the person.[2]

Texas brings three counts in its First Amended Complaint. Count I seeks a declaration of Texas' "right to maintain and enforce its laws and policies that absolutely bar convicted felons (or certain categories of convicted felons) from serving . . . [in] any [] job the State and its Legislature deem appropriate." (Pl.'s First Am. Compl. ¶ 43.) Count I also seeks to enjoin the Defendants from "enforcing the interpretation of Title VII that appears in" the Guidance and from issuing right-to-sue letters. (*Id.* at ¶ 44.) Count II asks the Court to hold the Guidance to be unlawful and to set it aside as (1) a substantive rule issued without notice and the opportunity for comment, (2) outside the scope of statutory authority given to the EEOC, and (3) an unreasonable interpretation of Title VII. (*Id.* at 48-50.) Count III requests "a declaratory judgment that disparate impact liability under Title VII represents an impermissible exercise of

---

[1] On April 25, 2012, the EEOC Commissioners adopted the Guidance. Defendants included attachments to their Motion indicating that the issue of conviction records and disparate impact under Title VII has been considered by the EEOC since at least 1987. (Defs.' App. 113-17.)

[2] The employer must carry the burden of showing that a person's criminal history disqualification is job-related for the position in question and consistent with business necessity.

Congress's enforcement powers under the Fourteenth Amendment" and "goes far beyond the Fourteenth Amendment's limit on State power." (*Id.* at 52.) Finally, Count III also seeks to enjoin the Defendants from issuing right-to-sue letters that would allow individuals to sue state officials or agencies based on the Guidance.

## II.
## STANDARD

### *Rule 12(b)(1)–Subject-Matter Jurisdiction*

A court must dismiss a claim pursuant to a Rule 12(b)(1) motion if it lacks subject-matter jurisdiction over the claim asserted in the complaint. Fed. R. Civ. P. 12(b)(1). The party seeking the federal forum bears the burden of establishing jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Under Article III of the Constitution, the federal courts have jurisdiction over a claim between a plaintiff and a defendant only if the plaintiff presents an actual case or controversy. *Okpalobi v. Foster*, 244 F.3d 405, 425 (5th Cir. 2001) (en banc). "The many doctrines that have fleshed out that 'actual controversy' requirement—standing, mootness, ripeness, political question, and the like—are 'founded in concern about the proper—and properly limited—role of the courts in a democratic society.'" *Roark & Hardee LP v. City of Austin*, 522 F.3d 533, 541-42 (5th Cir. 2008) (quoting *Allen v. Wright*, 468 U.S. 737, 750 (1984)).

### **Final Agency Action**

The Administrative Procedures Act ("APA") allows for claims against a United States government agency for claims seeking relief other than money damages. 5 U.S.C. § 702. Judicial review is authorized under the APA only of "final agency action for which there is no

other adequate remedy in Court." 5 U.S.C. § 704. Generally, if there is no final agency action, a court lacks subject-matter jurisdiction. *Sierra Club v. Peterson*, 228 F.3d 559, 565 (5th Cir. 2000). "As a general matter, two conditions must be satisfied for agency action to be final: First, the action must mark the consummation of the agency's decisionmaking process—it must not be of a merely tentative or interlocutory nature. And second, the action must be one by which rights or obligations have been determined, or from which legal consequences will flow." *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997) (internal quotes and citations omitted). However, where an agency has made no determination and renders no regulatory opinion that requires compliance, there is no final action by which legal rights or obligations have yet been determined. *Belle Co., L.L.C. v. U.S. Army Corps of Engineers*, ___ F.3d ___, 2014 WL 3746464, at **7-8 (5th Cir. July 30, 2014).

**Standing**

"In every federal case, the party bringing the suit must establish standing to prosecute the action. 'In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues.'" *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11 (2004) (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975)). Standing is critically important; as such, it is not subject to waiver. *United States v. Hays*, 515 U.S. 737, 742 (1995). Standing must be considered, even if the parties fail to raise the issue. *Id.* "Although the question of standing is one of degree and is 'not discernible by any precise test,'" *Roark & Hardee LP*, 522 F.3d at 542 (quoting *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 297 (1979)), the federal courts have established that in order "to meet the Article III standing requirement when a plaintiff is seeking injunctive or declaratory relief, a plaintiff must

allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future." *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003). "Abstract injury is not enough," but a plaintiff must show that the injury or threat of injury is "both 'real and immediate,' not 'conjectural' or 'hypothetical.'" *City of Los Angeles v. Lyons*, 461 U.S. 95, 101-02 (1983). Instead, "[t]o obtain equitable relief for past wrongs, a plaintiff must demonstrate either continuing harm or a real and immediate threat of repeated injury in the future." *Bauer*, 341 F.3d at 358.

**Ripeness**

Courts will not grant declaratory judgments unless a lawsuit is ripe for review. *United Transp. Union v. Foster,* 205 F.3d 851, 857 (5th Cir. 2000). Ripeness "separates those matters that are premature because the injury is speculative and may never occur from those that are appropriate for judicial review." *Id.* When it comes to declaratory relief, "the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941) (citation omitted). A court is to consider "the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Abbott Laboratories v. Gardner*, 387 U.S. 136, 149 (1967). A case should be dismissed on ripeness grounds when the case is abstract or hypothetical. *Thomas v. Union Carbide Ag. Prods. Co.*, 473 U.S. 568 (1985). However, a case is generally considered to be ripe for review if any remaining questions are purely legal ones. *Id.* at 581. Whether facts are sufficiently immediate to establish

5

an actual controversy is to be evaluated on a case-by-case basis. *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 896 (5th Cir. 2000).

### III.
### DISCUSSION

Lack of subject-matter jurisdiction may be found in any one of three instances: (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996); *Williamson v. Tucker*, 645 F.2d 404, 413 (1981) (In examining a Rule 12(b)(1) motion, the district court is empowered to consider matters of fact which may be in dispute.). After careful consideration of the arguments and materials in support thereof, the Court finds that it lacks subject-matter jurisdiction for the reasons argued by the Defendants.

Texas alleges that the Guidance is being used as a bullying tactic by the EEOC in an attempt to enforce EEOC-promulgated rules in a substantive manner and that, although Congress expressly prohibits the EEOC from adopting substantive rules, *see* 42 U.S.C. § 2000e-12(a), the EEOC is attempting to expand the substantive bounds of Title VII to include a prohibition against consideration of convictions when making employment decisions. Texas further alleges and argues that it faces a very real and likely threat of enforcement because many of its agencies maintain bans on hiring persons with certain classes of criminal convictions and that several such prohibitions are based on statutory bans passed by the state legislature.

In relation to the Motion to Dismiss, the EEOC asserts that (1) the Guidance is not a final agency action for review under the Administrative Procedures Act, (2) Texas may not bring this

lawsuit because no enforcement action has been taken against it by the EEOC in relation to the Guidance (standing), and (3) none of Texas' claims are ripe.

Importantly, Texas does not allege that any enforcement action has been taken against it by the Department of Justice (as the EEOC cannot bring enforcement actions against states) in relation to the Guidance. Based upon this, the Court cannot find a "substantial likelihood" that Texas will face future Title VII enforcement proceedings from the Department of Justice arising from the Guidance. While this certainly *could* happen, standing cannot be premised upon mere speculation. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 101-102 (1983). Although Texas does allege in its First Amended Complaint that an individual filed a charge of discrimination against the Department of Public Safety, the charge cannot be said to equate to enforcement action for disparate impact by the Department of Justice against the State of Texas. In the instance alleged in the First Amended Complaint, the charging party alleges in his charge of discrimination that he believed he was discriminated against by not being contacted after applying for an employment position as a customer service representative. He further alleges that he believes the alleged discrimination was because of race, sex, "and felony conviction." (Pl.'s First Am. Compl. at Ex. C.) The EEOC issued him a right-to-sue letter after being "unable to conclude that the information obtained establishes violations of the statutes." (*Id.* at Ex. D.) There are no allegations that any enforcement action has been taken by the EEOC or Department of Justice premised upon the allegations by the complainant relating to his belief of discrimination based upon "felony conviction" or that any enforcement is imminently pending.

For the reasons argued by the Defendants, Texas has not shown that the Guidance is a final agency action, that any case or attempt at enforcement of the Guidance has been brought

7

against Texas by the Department of Justice, or that the claims raised herein are not seeking a premature adjudication in the abstract without any actual facts and circumstances relating to the employment practices at issue.

## IV.
## CONCLUSION

The Court **GRANTS** Defendants' Unopposed Motion for Leave to File Reply Brief and **DEEMS FILED** the Reply Brief as of May 2, 2014. For the reasons stated above, Defendants' Motion to Dismiss is **GRANTED** and the case is **DISMISSED** without prejudice for lack of subject-matter jurisdiction.

SO ORDERED.

Dated this 20th day of August, 2014.

_____
SAM R. CUMMINGS
UNITED STATES DISTRICT JUDGE