

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-10949

United States Court of Appeals
Fifth Circuit
**FILED**
September 23, 2016
Lyle W. Cayce
Clerk

STATE OF TEXAS,

        Plaintiff - Appellant

v.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION; JENNY R. YANG, in her official capacity as Chair of the Equal Employment Opportunity Commission; LORETTA LYNCH, U. S. ATTORNEY GENERAL,

        Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas

ON PETITION FOR REHEARING AND REHEARING EN BANC

(Opinion 06/27/16, 5th Cir., _____ F.3d _____)

Before JOLLY, HIGGINBOTHAM, and DAVIS, Circuit Judges.
PER CURIAM:

    As we noted in our opinion, *Texas v. EEOC*, No. 14-10949, 2016 WL 3524242, at *7 (5th Cir. June 27, 2016), shortly before the opinion's issuance the Supreme Court decided *U.S. Army Corps of Eng'rs v. Hawkes Co.*, 136 S. Ct. 1807 (2016), which held in the context of the Clean Water Act that a jurisdictional determination ("JD") is a final agency action that is subject to

judicial review under the Administrative Procedure Act, 5 U.S.C. § 704. *Hawkes*, 136 S. Ct. at 1816.

In *Belle Co., L.L.C. v. U.S. Army Corps of Eng'rs*, 761 F.3d 383 (5th Cir. 2014), also cited in our opinion, our court had held that the JD in that case was not a final decision. Belle Co. petitioned for certiorari, which the Supreme Court granted. In the light of its opinion in *Hawkes*, the Court vacated the judgment and remanded *Belle Co.* to our court. 136 S. Ct. 2427 (2016) (mem.). The panel then remanded the case to the district court for further proceedings consistent with the Supreme Court's decision in *Hawkes*. *Belle Co., L.L.C. v. U.S. Army Corps of Eng'rs*, No. 13-30262, 2016 WL 4073301, at *1 (5th Cir. July 29, 2016).

Both *Belle Co.* and the instant case relate closely to the issue that the Supreme Court decided in *Hawkes*. Given this similarity, and given that the district court has not had the opportunity to apply *Hawkes* to the facts of this case, we conclude that the importance of the issue and the interest of uniformity of our precedent require that we, like the *Belle Co.* panel, remand this case for further consideration in the light of *Hawkes*. We recognize that *Hawkes* may or may not affect other issues raised in this appeal, and we leave it to the district court in the first instance to reconsider this case, and its opinion, in its entirety and to address the implications of *Hawkes* for this case.

Accordingly, we WITHDRAW our prior opinion, VACATE the district court's judgment dismissing the complaint, and REMAND this case to the district court for such further proceedings as, in its discretion, are required.

PETITION GRANTED; OPINION WITHDRAWN; JUDGMENT VACATED, AND CASE REMANDED.