IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| STATE OF TEXAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| EQUAL EMPLOYMENT OPPORTUNITY | ) | |
| COMMISSION, et al., | ) | |
| | ) | |
| Defendants. | ) | Civil Action No. 5:13-CV-255-C |

## ORDER

On this day, the Court considered:

(1)    Defendants' Supplemental Brief in Support of Dismissal, filed October 24, 2016;

(2)    Plaintiff's Response, filed November 10, 2016;

(3)    Defendant's Unopposed Motion for Leave to File Reply Brief, filed November 23, 2016;[1]

(4)    The parties' prior briefing and arguments contained in Defendants' Motion to Dismiss and Plaintiff's Response thereto; and

(5)    The panel Opinion filed June 27, 2016, by the United States Court of Appeals for the Fifth Circuit, along with the September 23, 2016 withdrawal Order remanding this case for further consideration and review in light of the Supreme Court precedence decided after this Court's prior order dismissing the case.

---

[1]Defendants' Motion for Leave is **GRANTED** and the Reply is DEEMED FILED.

# I.
# BACKGROUND

The State of Texas ("Texas") has filed this lawsuit seeking declaratory and injunctive

relief against the Equal Employment Opportunity Commission ("EEOC") and the Attorney

General of the United States premised upon the Commission's "Enforcement Guidance on the

Consideration of Arrest and Conviction Records in Employment Decisions Under Title VII"

("the Guidance").[2]

The EEOC asserts that it is within its bounds in promulgating the Guidance in an effort to

enforce the disparate-impact discrimination provisions of Title VII.  More specifically, the EEOC

views employment policies or practices that categorically exclude convicted felons as a possibly

unlawful disparate-impact practice.  The EEOC also views Title VII as requiring employers to

conduct individualized assessments of each employment applicant's job application in relation to

the criminal history of the person.[3]

Texas brings three counts in its First Amended Complaint.  Count I seeks a declaration of

Texas' "right to maintain and enforce its laws and policies that absolutely bar convicted felons

(or certain categories of convicted felons) from serving . . . [in] any [] job the State and its

Legislature deem appropriate."  (Pl.'s First Am. Compl. ¶ 43.)  Count I also seeks to enjoin the

Defendants from "enforcing the interpretation of Title VII that appears in" the Guidance and

---

[2]On April 25, 2012, the EEOC Commissioners adopted the Guidance.  Defendants
included attachments to their Motion indicating that the issue of conviction records and disparate
impact under Title VII has been considered by the EEOC since at least 1987.  (Defs.' App. 113-
17.)

[3]The employer must carry the burden of showing that a person's criminal history
disqualification is job-related for the position in question and consistent with business necessity.

from issuing right-to-sue letters. (*Id.* at ¶ 44.) Count II asks the Court to hold the Guidance to be unlawful and to set it aside as (1) a substantive rule issued without notice and the opportunity for comment, (2) outside the scope of statutory authority given to the EEOC, and (3) an unreasonable interpretation of Title VII. (*Id.* at 48-50.) Count III requests "a declaratory judgment that disparate impact liability under Title VII represents an impermissible exercise of Congress's enforcement powers under the Fourteenth Amendment" and "goes far beyond the Fourteenth Amendment's limit on State power." (*Id.* at 52.) Finally, Count III also seeks to enjoin the Defendants from issuing right-to-sue letters that would allow individuals to sue state officials or agencies based on the Guidance.

By prior order, the Court dismissed Plaintiff's claims after finding a lack of standing, ripeness, and "final agency action." On appeal, the United States Court of Appeals for the Fifth Circuit reversed and remanded the case by opinion dated June 27, 2016, with instructions for further proceedings not inconsistent with that opinion. On petition for rehearing, the appellate court withdrew its June 27, 2016 opinion and remanded with instructions for this Court to further consider the case in light of *U.S. Army Corps of Eng'rs v. Hawkes Co.*, 136 S. Ct. 1807 (2016).

## II.
## STANDARD

### *Rule 12(b)(1)–Subject-Matter Jurisdiction*

A court must dismiss a claim pursuant to a Rule 12(b)(1) motion if it lacks subject-matter jurisdiction over the claim asserted in the complaint. Fed. R. Civ. P. 12(b)(1). The party seeking the federal forum bears the burden of establishing jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Under Article III of the Constitution, the federal courts have

3

jurisdiction over a claim between a plaintiff and a defendant only if the plaintiff presents an actual case or controversy. *Okpalobi v. Foster*, 244 F.3d 405, 425 (5th Cir. 2001) (en banc). "The many doctrines that have fleshed out that 'actual controversy' requirement—standing, mootness, ripeness, political question, and the like—are 'founded in concern about the proper—and properly limited—role of the courts in a democratic society.'" *Roark & Hardee LP v. City of Austin*, 522 F.3d 533, 541-42 (5th Cir. 2008) (quoting *Allen v. Wright*, 468 U.S. 737, 750 (1984)).

**Standing**

"In every federal case, the party bringing the suit must establish standing to prosecute the action. 'In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues.'" *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11 (2004) (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975)). Standing is critically important; as such, it is not subject to waiver. *United States v. Hays*, 515 U.S. 737, 742 (1995). Standing must be considered, even if the parties fail to raise the issue. *Id.* "Although the question of standing is one of degree and is 'not discernible by any precise test,'" *Roark & Hardee LP*, 522 F.3d at 542 (quoting *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 297 (1979)), the federal courts have established that in order "to meet the Article III standing requirement when a plaintiff is seeking injunctive or declaratory relief, a plaintiff must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future." *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003). "Abstract injury is not enough," but a plaintiff must show that the injury or threat of injury is "both 'real and immediate,' not 'conjectural' or 'hypothetical.'" *City of Los Angeles v. Lyons*, 461 U.S. 95, 101-02 (1983).

4

Instead, "[t]o obtain equitable relief for past wrongs, a plaintiff must demonstrate either

continuing harm or a real and immediate threat of repeated injury in the future." *Bauer*, 341 F.3d

at 358.

## Final Agency Action

The Administrative Procedures Act ("APA") allows for claims against a United States

government agency for claims seeking relief other than money damages. 5 U.S.C. § 702.

Judicial review is authorized under the APA only of "final agency action for which there is no

other adequate remedy in Court." 5 U.S.C. § 704. Generally, if there is no final agency action, a

court lacks subject-matter jurisdiction. *Sierra Club v. Peterson*, 228 F.3d 559, 565 (5th Cir.

2000). "As a general matter, two conditions must be satisfied for agency action to be final: First,

the action must mark the consummation of the agency's decisionmaking process—it must not be

of a merely tentative or interlocutory nature. And second, the action must be one by which rights

or obligations have been determined, or from which legal consequences will flow." *Bennett v.*

*Spear*, 520 U.S. 154, 177-78 (1997) (internal quotes and citations omitted).

## Ripeness

Courts will not grant declaratory judgments unless a lawsuit is ripe for review. *United*

*Transp. Union v. Foster,* 205 F.3d 851, 857 (5th Cir. 2000). Ripeness "separates those matters

that are premature because the injury is speculative and may never occur from those that are

appropriate for judicial review." *Id.* When it comes to declaratory relief, "the question in each

case is whether the facts alleged, under all the circumstances, show that there is a substantial

controversy, between parties having adverse legal interests, of sufficient immediacy and reality to

warrant the issuance of a declaratory judgment." *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S.

5

270, 273 (1941) (citation omitted).  A court is to consider "the fitness of the issues for judicial

decision and the hardship to the parties of withholding court consideration." *Abbott*

*Laboratories v. Gardner*, 387 U.S. 136, 149 (1967).  A case should be dismissed on ripeness

grounds when the case is abstract or hypothetical.  *Thomas v. Union Carbide Ag. Prods. Co.*, 473

U.S. 568 (1985).  However, a case is generally considered to be ripe for review if any remaining

questions are purely legal ones.  *Id.* at 581.  Whether facts are sufficiently immediate to establish

an actual controversy is to be evaluated on a case-by-case basis.  *Orix Credit Alliance, Inc. v.*

*Wolfe*, 212 F.3d 891, 896 (5th Cir. 2000).

## III.
## DISCUSSION

As stated above, Defendants' Motion to Dismiss is again before the Court following

remand.  In *Texas v. EEOC*, 827 F.3d 372 (5th Cir. 2016) ("*EEOC I*"), the United States Court of

Appeals for the Fifth Circuit reversed this Court's prior dismissal, based in large part on the

United States Supreme Court's decision in *U.S. Army Corps of Engineers v. Hawkes Co.*, 136

S. Ct. 1807 (2016).  Although *EEOC I* was withdrawn so that this Court could, "in its

discretion," consider the case "in its entirety" and "address the implications of *Hawkes* in this

case[,]" the discussion contained in *EEOC I* by the majority is instructive to this Court's

opportunity to re-examine the issues of standing, ripeness, and "final agency action."  *See EEOC*

*I*, 827 F.3d 372 (5th Cir. 2016).  With that context in mind, the Court now reviews the briefing for

the Motion to Dismiss and Response (including the supplemental briefing following remand) in

light of *Hawkes*.

6

Lack of subject-matter jurisdiction may be found in any one of three instances: (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996); *Williamson v. Tucker*, 645 F.2d 404, 413 (1981) (In examining a Rule 12(b)(1) motion, the district court is empowered to consider matters of fact which may be in dispute.). All three grounds argued by Defendants for dismissal go to whether this Court has jurisdiction over Plaintiff's claims.

Texas alleges that the Guidance is being used by the EEOC in an attempt to enforce EEOC-promulgated rules in a substantive manner and that, although Congress expressly prohibits the EEOC from adopting substantive rules, *see* 42 U.S.C. § 2000e-12(a), the EEOC is attempting to expand the substantive bounds of Title VII to include a prohibition against consideration of convictions when making employment decisions. Texas further alleges and argues that it faces a very real and likely threat of enforcement because many of its agencies maintain blanket bans on hiring persons with certain classes of criminal convictions and that several such prohibitions are based on statutory bans passed by the state legislature.

In relation to the Motion to Dismiss, the EEOC asserts that (1) the Guidance is not a final agency action for review under the Administrative Procedures Act, (2) Texas may not bring this lawsuit because no enforcement action has been taken against it by the EEOC in relation to the Guidance (standing), and (3) none of Texas' claims are ripe.

Texas does not allege that any enforcement action has been taken against it by the Department of Justice (as the EEOC cannot bring enforcement actions against states) in relation to the Guidance. Yet, as discussed in *EEOC I*, Texas can be considered an "object" of the

7

challenged Guidance. If the allegations in the First Amended Complaint are taken as true, as they must be at this stage of the litigation, the Guidance amounts to an increased regulatory burden on Texas as an employer and forces Texas to undergo an analysis of each agency's hiring practices and policies. Thus, the Court finds that Texas has constitutional standing to challenge the Guidance.

Next, the Court finds that the Guidance is a "final agency action" under the APA. *See Bennett v. Spear*, 520 U.S. 154, 177-78 (1997). This is because the Guidance is (1) a consummation of the EEOC's decisionmaking process that has been in play for many years as alleged by Texas and conceded by the EEOC and (2) an action by which rights or obligations have been determined or from which legal consequences will flow. *Id.* The first prong is not reasonably contested. The second prong is met because the Guidance binds the EEOC employees to utilize the Guidance in any investigation relating to the issues encompassed by the Guidance. Further, the Guidance does, whether explicitly stated as such or not, create two specific "safe harbors" that will protect an employer (including state employers) from a finding of liability (or referral for enforcement by the United States Attorney General against a state). As such, the Guidance can be said to create rights or obligations from which legal consequences will flow. Such a finding comports with the Supreme Court's holding in *Hawkes*. As noted in *EEOC I*, the mere fact that no enforcement can be instigated against Texas by the EEOC does not shield the Guidance from a "flexible" and "pragmatic" approach assessing whether it is a final agency action. To find otherwise would protect the Guidance from any meaningful judicial review and allow the EEOC to have its cake and eat it too. Either the Guidance is to be ignored completely by state employers and EEOC staff in relation to state employers because it is only the EEOC's

*belief* of what the law should be, or it must be subject to review under § 704 of the Administrative Procedures Act regardless of where enforcement authority lies.  As argued by Texas, the Court finds that the Guidance amounts to a "final agency action" when analyzed under a flexible and pragmatic approach.  *See Qureshi v. Holder*, 663 F.3d 778, 781 (5th Cir. 2011); *Hawkes Co., Inc.*, 136 S. Ct. at 1814.

Finally, with a finding of standing and a "final agency action," the Court determines that Texas' claims are ripe for review.

Texas has met its pleading burden for establishing that its claims are justiciable and has properly invoked the Court's subject matter jurisdiction. Therefore, the Court finds that Defendants' Motion to Dismiss should be **DENIED**.

## IV.
## CONCLUSION

The Court **DENIES** Defendants' Motion to Dismiss.  The parties shall file cross motions for summary judgment on the merits on or before July 31, 2017, with any respective responses due 30 days after the filing of the motion.  Allowing time for review of the motions, responses, and any supporting materials, the Court sets the summary judgment motions  for hearing at 9:00 a.m. on October 17, 2017.

SO ORDERED this 2nd day of June, 2017.

SAM R. CUMMINGS
SENIOR UNITED STATES DISTRICT JUDGE

9