IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| STATE OF TEXAS,<br><br>                            *Plaintiff*,<br><br>v.<br><br>EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, *et al.*,<br><br>                         *Defendants*,<br><br>and<br><br>BEVERLY HARRISON and TEXAS STATE CONFERENCE OF THE NAACP,<br><br>        *Proposed Defendant-Intervenors.* | Civil Action. No. 5:13-CV-255-C |

**MOTION TO INTERVENE OF BEVERLY HARRISON AND
TEXAS STATE CONFERENCE OF THE NAACP AS DEFENDANTS**

1.    Pursuant to Rules 24(a) and (b) of the Federal Rules of Civil Procedure ("Federal Rules") and Rule 7.1 of the Local Civil Rules ("Local Rules") of the Northern District of Texas, Beverly Harrison and the Texas State Conference of the NAACP (hereinafter "Texas NAACP") (collectively "Proposed Defendant-Intervenors" or "Applicants") hereby move this Court for leave to intervene as Defendant-Intervenors.

2.    Beverly Harrison resides in Dallas, Texas. Ms. Harrison is a 61-year-old Black woman and grandmother who retired from the Dallas City Marshal's Office in 2009 after nearly 30 years of service to the City of Dallas. Ms. Harrison has continued to work since her retirement to serve her community and supplement her income. Most recently, Ms. Harrison has worked for the Dallas Independent School District ("DISD") as a school cafeteria employee. In 2013, Ms. Harrison applied for a job with Dallas County Schools ("DCS") as a school crossing guard or bus monitor. Ms. Harrison received a conditional offer of employment from DCS and began work as

a school crossing guard. After eight days on the job, however, Ms. Harrison learned that DCS was terminating her employment because of an entry that appeared on her criminal background report, which indicated that Ms. Harrison had been convicted of felony assault. In 1975, when she was 19 years old, Ms. Harrison pleaded no contest to the offense of aggravated assault, a third-degree felony, and was sentenced to five years of probation. However, in 1977, after two years of satisfactory compliance with the terms of her probation, the Dallas County Criminal Court issued an order discharging Ms. Harrison from probation early, setting aside the judgment of conviction, and "releas[ing her] from all penalties and disabilities resulting from the Judgment of Conviction." In the more than 40 years since, Ms. Harrison has never been arrested, charged with, or convicted of a crime. Nonetheless, the entry from 1975 has rendered her ineligible to secure employment with DCS. DCS's denial of employment to Ms. Harrison, based on her decades-old criminal record, is the basis of a pending administrative complaint, as a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), with the Equal Opportunity Commission ("EEOC"). Moreover, because of medical reasons, Ms. Harrison intends to seek a new job in Texas in the near future, reasonably causing her great concern that her criminal record may again make her ineligible for employment.

      3.      The Texas NAACP is the oldest and one of the largest non-profit organizations in the State of Texas that promotes and protects the rights of Black Americans. It has over 70 adult branches across Texas. The members of those branches are residents of every region of the state. The Texas NAACP, along with its branches, has worked to eliminate barriers faced by Black and other people with criminal records, such as its members, including obstacles like felony conviction bans by employers. For example, where job opportunities are denied because of continued enforcement of discriminatory employment policies, including categorical bans on hiring people

with criminal convictions without an individualized assessment of the applicant and whether the policy is job related or consistent with business necessity, the Texas NAACP has to redirect is efforts from its affirmative reentry work of job searches and training skills for individuals with convictions to defending and enforcing antidiscrimination statutes such as Title VII.

4. Applicants seek intervention as of right under Rule 24(a)(2) of the Federal Rules of Civil Procedure. They have sufficient, indeed strong, interests in the subjects of the action, which include Texas's challenge to the legality of the EEOC's 2012 guidance on the use of criminal records in hiring, as well as Texas's requests that this Court declare that the State has the authority to absolutely ban people with criminal records from job opportunities and that the EEOC lacks the authority to issue "right-to-sue" letters pursuant to an "interpretation of Title VII that appears in its [guidance]." Doc. 62 ¶¶ 43-44, 48-50. The disposition of this action may impair or impede their ability to protect those interests. Specifically, Applicants have an interest in defending the guidance, which is a tool for employers to use to ensure equality of opportunity for Texans, like Ms. Harrison and members of the NAACP in Texas, with criminal records to gain employment. Indeed, DCS's (or any other employer's) failure to provide a meaningful individualized assessment of Ms. Harrison's application or an opportunity for her to demonstrate that the criminal record's policy as applied to her is not job related or consistent with business necessity, as the EEOC's guidance encourages, is a basis for Ms. Harrison's pending EEOC complaint against DCS (or any other employer), and Title VII may be a basis of liability and relief against DCS (or any other employer) upon Ms. Harrison obtaining a right-to-sue letter.

5. In addition, absent this guidance or by an order from this Court, which Texas seeks, employers in Texas may be free to adopt unnecessarily restrictive and overly broad criminal records policies, which would only result in narrowing the pool of qualified applicants like Ms.

Harrison and members of the NAACP in Texas in seeking employment opportunities in the future. And, absent the EEOC's authority to issue right-to-sue letters consistent with the guidance, qualified applicants for employment, who are denied opportunities to work by Texas laws and policies, such as Ms. Harrison and members of the NAACP in Texas, would have less federal protection against discrimination. Indeed, the Texas NAACP furthers its mission by advancing the rights of the formerly incarcerated through affirmative litigation under Title VII.

6. Moreover, Applicants' interests may not be adequately represented by the existing parties to the litigation, namely the federal government, who, based on various recent actions, may not zealously defend the guidance, unlike the previous administration, and view the guidance and its application in Texas differently than Applicants. Even more, Applicants can provide this Court with a distinct perspective on the real-world effects of employment policies related to criminal records, such as those that Texas and other employers in Texas, like DCS, seek to use, that are not job related and consistent with business necessity. This is distinct from Defendants' role in this case to serve the broad public interest.

7. In the alternative, Applicants seek permissive intervention under Rule 24(b)(1)(B) of the Federal Rules of Civil Procedure. Applicants' defenses and the main action share common questions of law and fact, and their participation will not delay or prejudice the adjudication of the rights of the existing parties.

8. Applicants previously moved this Court to intervene, Doc. 34, but their motion was terminated by this Court in light of its ruling granting Defendants' Motion to Dismiss this case, Docs. 36-37.

9. Following an appeal by Plaintiff and an order vacating this Court's decision and remanding this case for further proceedings by the Fifth Circuit Court of Appeals, Docs. 38, 41-

42, this Court, on June 2, 2017 recently entered an order denying Defendants' Motion to Dismiss, Doc. 52, and further ordering the parties to cross-move for summary judgment by September 14, 2017, Doc. 59.

10. This Motion to Intervene is timely, given that Plaintiff filed its initial complaint on November 4, 2013, Doc. 1, and Defendants have only recently filed an answer on June 26, 2017, Doc. 56. *See, e.g.*, *Poynor v. Chesapeake Expl. Ltd. P'ship* (*In re Lease Oil Antitrust Litig.*), 570 F.3d 244 (5th Cir. 2009) (two-year delay not untimely); *In re Babcock & Wilcox Co.*, 2001 U.S. Dist. LEXIS 23378 (E.D. La. Sept. 17, 2001) (five-month delay not untimely).

11. To date, the only substantive events that have occurred in the litigation are the filing of: (i) an amended and a second amended complaint by Plaintiff on March 18, 2014 (Doc. 24) and July 28, 2017 (Doc. 62), respectively; (ii) the above-mentioned motion to dismiss by Defendants on April 4, 2014 (Doc. 29) and supplemental briefing on that renewed motion to dismiss following remand (Docs. 47, 49-50); and, (iii) the above-mentioned answer by Defendants on June 26, 2017 (Doc. 56).

12. Applicants' Motion to Intervene also is timely because it has been filed promptly after this Court denied Defendants' Motion to Dismiss on June 2, 1017, Doc. 52.

13. Applicants understand that Defendants only recently served discovery on Plaintiff—the only discovery that Applicants are aware has been sought in this case—to be used in support of the motion for summary judgment that the parties are ordered to file by September 14, 2017. Doc. 58 at 1. If granted intervention, Applicants do not anticipate seeking additional discovery, but will participate in summary judgment proceedings. Thus, because the litigation is in its earliest stages, the existing parties will not suffer any prejudice if Applicants' Motion to Intervene is granted.

14. As detailed in the Certificate of Conference below, Applicants have conferred with the parties. Plaintiff opposes Applicants' request to intervene in this case. Defendants oppose Applicants' motion to intervene as of right and take no position on Applicants' request for permissive intervention.

Dated:   July 31, 2017                    Respectfully submitted,


                                               *s/ Edward B. Cloutman*
Edward B. Cloutman III (Bar No. 04411000)
CLOUTMAN & CLOUTMAN, L.L.P.
3301 Elm Street
Dallas, Texas 75226
Telephone:  214.939.9222
Facsimile:  214.939.9229
E-Mail:  crawfish11@prodigy.net

Samuel Spital* (N.Y. Bar No. 4334595)
Leah C. Aden* (N.Y. Bar No. 4555207)
Natasha Merle* (N.Y. Bar No. 4723029)
Nana Wilberforce* Not admitted to practice in New York; admitted only in D.C. (Bar. No. 1025742) and CA (Bar. No. 296436). Supervised by members of the N.Y. Bar.
NAACP LEGAL DEFENSE & EDUCATIONAL FUND, INC.
40 Rector Street, 5th Floor
New York, New York 10006
Telephone:  212.965.2200
Facsimile:  212.226.7592
E-Mail:  sspital@naacpldf.org
        laden@naacpldf.org
        nmerle@naacpldf.org
        nwilberforce@naacpldf.org

Coty Montag* (D.C. Bar No. 498357)
NAACP LEGAL DEFENSE & EDUCATIONAL FUND, INC.
1444 I Street NW, 10th Floor
Washington, District of Columbia 20005
Telephone:  202.682.1300
Facsimile:  202.682.1312
E-Mail:  cmontag@naacpldf.org

Robert H. Stroup* (N.Y. Bar No. 2824712)
Dana Lossia* (N.Y. Bar No. 706482)
LEVY RATNER, P.C.
80 Eighth Avenue
New York, New York 10011
Telephone: 212.627.8100
Facsimile: 212.627.8182
E-Mail: rstroup@levyratner.com
         dlossia@levyratner.com

Beth Avery* (Cal. Bar No. 298232)
NATIONAL EMPLOYMENT LAW PROJECT
2030 Addison Street, Suite 310
Berkeley, California 94704
Telephone: 510.982.5945
Facsimile: 866.665.5705
E-Mail: bavery@nelp.org

***Attorneys for Proposed Defendant-Intervenors***
*applications for pro hac vice admission forthcoming*

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION**

| | |
|---|---|
| STATE OF TEXAS,<br><br>        *Plaintiff*,<br><br>v.<br><br>EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, *et al.*,<br><br>        *Defendants*,<br><br>and<br><br>BEVERLY HARRISON and TEXAS STATE CONFERENCE OF THE NAACP,<br><br>        *Proposed Defendant-Intervenors.* | Civil Action. No. 5:13-CV-255-C |

## CERTIFICATE OF CONFERENCE

Pursuant to Rule 7.1 of the Local Civil Rules of the Northern District of Texas, Counsel for Proposed Defendant-Intervenors have conferred with counsel for the existing parties. On July 27, 2017, David Hacker, Counsel for Plaintiff, informed Leah Aden, Counsel for Proposed Defendant-Intervenors, via e-mail, that Texas opposes Proposed Defendant-Intervenors request to intervene in this case. On July 31, 2017, Justin Sandberg, Counsel for Defendants, informed Leah Aden, Counsel for Proposed Defendant-Intervenors, via electronic mail, that Defendants oppose Proposed Defendant-Intervenors' motion to intervene as of right and take no position on their request for permissive intervention.

Dated:   July 31, 2017                   *s/ Edward B. Cloutman*
                                                      Edward B. Cloutman III (Bar No. 04411000)
                                                      CLOUTMAN & CLOUTMAN, L.L.P.
                                                      3301 Elm Street
                                                      Dallas, Texas 75226
                                                      Telephone: 214.939.9222
                                                      Facsimile: 214.939.9229
                                                      E-Mail: crawfish11@prodigy.net

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION**

| | |
|---|---|
| STATE OF TEXAS,<br>        *Plaintiff*,<br><br>  v.<br><br>EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, *et al.*,<br>        *Defendants*,<br><br>  and<br><br>BEVERLY HARRISON and TEXAS STATE CONFERENCE OF THE NAACP,<br><br>  *Proposed Defendant-Intervenors.* | Civil Action. No. 5:13-CV-255-C |

**CERTIFICATE OF SERVICE**

I certify that on July 31, 2017, I filed the attached document with the Clerk of the Court using the Court's ECF system. Based on the records currently on file in this case, the Clerk of the Court will transmit a Notice of Electronic Filing to those registered participants of the ECF system.

               *s/ Edward B. Cloutman*
               Edward B. Cloutman III (Bar No. 04411000)