IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| STATE OF TEXAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| EQUAL EMPLOYMENT OPPORTUNITY | ) | |
| COMMISSION, et al., | ) | |
| | ) | |
| Defendants. | ) | Civil Action No. 5:13-CV-255-C |

## ORDER

Came on to be heard on October 17, 2017, the parties' Motions for Summary Judgment,

filed September 14, 2017.  After a hearing on the Motions, the Court instructed the parties to file

proposed findings of fact and conclusions of law.  Plaintiff and Defendants filed their respective

proposed findings and conclusions on October 24, 2017.

On October 25, 2017, a motion for leave to file Amici Curiae Brief was filed by Beverly

Harrison, the Texas State Conference of the NAACP, the NAACP Legal Defense & Education

Fund, Inc., and the National Employment Law Project.  That Motion is **GRANTED**.

Texas filed this lawsuit seeking declaratory and injunctive relief against the Equal

Employment Opportunity Commission ("EEOC") and the Attorney General of the United States,

challenging the EEOC's "Enforcement Guidance on the Consideration of Arrest and Conviction

Records in Employment Decisions Under Title VII" ("Guidance").  Texas argues that the

Guidance directly interferes with its authority to impose categorical bans on hiring felons and to

be able to discretionarily reject felons for certain jobs.  Specifically, Texas's Second Amended

Complaint contains two causes of action.  Count I is brought under the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, and seeks: (1) a declaration that Texas has a right to maintain and enforce its laws and policies that absolutely bar convicted felons (or certain categories of convicted felons) from serving in any job the State and its Legislature deem appropriate; and (2) an injunction preventing Defendants from enforcing the interpretation of Title VII that appears in the Guidance and from issuing right-to-sue letters.  Count II is brought under the Administrative Procedures Act ("APA"), 5 U.S.C. § 702, and asks the Court to hold the Guidance unlawful and to set it aside as: (1) a substantive rule issued without notice and the opportunity for comment; (2) outside the scope of statutory authority given to the EEOC; and (3) an unreasonable interpretation of Title VII.

The EEOC argues that the Guidance has not yet been enforced against Texas (creating a ripeness issue) and that the only purpose of the Guidance was to update and consolidate all of the EEOC's prior policy statements about Title VII and the use of criminal records in employment decisions.  The EEOC additionally contends that the Guidance is not an expansion of Title VII's prohibition against hiring policies that create a disparate impact upon protected classes (in this instance, certain racial classes are alleged to be disproportionately impacted by consideration of felony convictions as a ban for employment opportunities).

After careful review of the arguments presented by the parties in their Motions for Summary Judgment (and at the October 17 hearing on said Motions), evaluation of the respective Proposed Findings of Fact and Conclusions of Law, and consideration of the Amici Curiae Brief, the Court makes the following findings and conclusions.

The Court declines to declare that Texas has a right to maintain and enforce its laws and policies that absolutely bar convicted felons (or certain categories of convicted felons) from serving in any job the State and its Legislature deems appropriate. There are certainly many categories of employment for which specific prior criminal history profiles of applicants would be a poor fit and pose far too great a risk to the interests of the State of Texas and its citizens. However, there may well be instances in which otherwise qualified job applicants with certain felony convictions in their criminal histories pose no objectively reasonable risk to the interests of the State of Texas and its citizens. To find otherwise would be illogical. Thus, a categorical denial of employment opportunities to all job applicants convicted of a prior felony paints with too broad a brush and denies meaningful opportunities of employment to many who could benefit greatly from such employment in certain positions.

Texas has also requested that this Court enjoin the EEOC from issuing right-to-sue letters in relation to the denial of employment opportunities based on the criminal history of the job applicant. The Court declines to enjoin the EEOC from issuing right-to-sue letters. As argued by Defendants, the issuance of a right-to-sue letter is not a determination by the EEOC that a meritorious claim exists. *See* 42 U.S.C. § 2000e-5(f)(1).

Accordingly, Texas's Motion for Summary Judgment is **DENIED in part** as to Count I and Defendants' Motion for Summary Judgment is **GRANTED in part** as to Count I. Texas's request for a declaratory judgment and injunction under 28 U.S.C. §§ 2201–02 is **DISMISSED.**

As to the first prong of Texas's APA claim, the Court holds that the Guidance described above is a substantive rule issued without notice and the opportunity for comment. The Court declines to make the findings requested by Texas in the second and third prongs of Count II, as

such findings are not necessary to the adjudication of the claims and would be premature at this time.  Accordingly, Texas's Motion for Summary Judgment is **GRANTED in part** as to the first prong of Count II but **DENIED in part** as to the second and third prongs of Count II; Defendants' Motion for Summary Judgment is similarly **DENIED in part** and **GRANTED in part** as to Count II.  Defendants EEOC and the Attorney General of the United States (in any enforcement action against the State of Texas) are **ENJOINED** from enforcing the EEOC's interpretation of the Guidance against the State of Texas until the EEOC has complied with the notice and comment requirements under the APA for promulgating an enforceable substantive rule.  Texas's remaining requests for declaratory and injunctive relief are **DISMISSED**.

SO ORDERED this __1st__ day of February, 2018.

SAM R. CUMMINGS
SENIOR UNITED STATES DISTRICT JUDGE