IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| STATE OF TEXAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 5:13-CV-00255-C |
| | ) | |
| EQUAL EMPLOYMENT | ) | |
| OPPORTUNITY COMMISSION, *et al.*, | ) | |
| | ) | |
| Defendants | ) | |
| _____ | ) | |

## DEFENDANTS' MOTION TO AMEND JUDGMENT AND FOR CLARIFICATION

## INTRODUCTION

Defendants request that the Court alter or amend its judgment, under Federal Rule of Civil Procedure 59, to clarify or reconsider the scope of the injunction and to clarify the basis for its conclusion that Texas has standing to pursue Count II, which provided the basis for the injunction. The Court denied much of the relief sought by Texas, but enjoined the U.S. Department of Justice and U.S. Equal Employment Opportunity Commission "from enforcing the EEOC's interpretation of the Guidance against the State of Texas until the EEOC has complied with the notice and comment requirements under the APA for promulgating an enforceable substantive rule." Judgment at 1, Feb. 1, 2018, ECF No. 118.

Defendants seek clarification with respect to whether, in an enforcement action against Texas, the injunction prohibits Defendants from enforcing any interpretation of *Title VII's* disparate impact provisions, as opposed to the EEOC's "interpretation of the *Guidance*," *id.* at 1 (emphasis added), with respect to criminal record exclusion challenges under Title VII. To Defendants, the answer to this question is "no": The Judgment does not prohibit Defendants

Defendants' Motion to
Amend Judgment                                                                 1

from adopting any interpretation of Title VII, but limits the "enforcement" of the Guidance itself. This understanding of the scope of the injunction jibes with the language and logic of the opinion. The Judgment is not without some ambiguity, however, so Defendants respectfully request that the Court modify the injunction to clarify that it is limited to enforcement of the Guidance per se. *See* Fed. R. Civ. P. 65 (requiring that an injunction describe in "reasonable detail" the acts constrained by the injunction).

Alternatively, if the Court intended to limit Defendants' ability to enforce an interpretation of Title VII against Texas simply because it also is contained in the Guidance, Defendants request that the Court reconsider that opinion. That decision could place valid interpretations of Title VII forever out of Defendants' reach. *See* 42 U.S.C. § 2000e-12(a); *EEOC v. Arabian Am. Oil Co.*, 499 U.S. 244, 257 (1991) (EEOC lacks authority to issue substantive rules and regulations).

As for standing, the Court's Order and Judgment did not expressly address the issue, although the Court impliedly determined that Texas has standing to pursue Count II. But standing is not only a legal question. It also depends on underlying factual determinations, at least where a defendant challenges with summary judgment evidence the factual basis for standing, as Defendants have here. In order to facilitate the possible appeal of the Order and Judgment, Defendants respectfully request the Court amend its Order and/or Judgment to state any factual findings made in concluding that Texas has standing to pursue Count II.

For the above stated reasons, the Court should alter or amend the judgment in this case under Federal Rule of Civil Procedure 59. Plaintiff opposes this motion.

## BACKGROUND

In the interest of brevity and recognition of the Court's familiarity with the issues, Defendants set forth only a short discussion of the factual and procedural background. Broadly speaking, this suit challenges an EEOC Enforcement Guidance, which sets forth the EEOC's views concerning how employers' use of criminal background screens in hiring implicate Title VII's prohibitions against discrimination. *See Consideration of Arrest and Conviction Records in Employment Decisions Under Title VII of the Civil Rights Act of 1964*, EEOC Enforcement Guidance Number 915.002 (Apr. 25, 2012) (Guidance). In Count I of its Second Amended Complaint, Texas sought a declaration, under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202: (i) that its felony conviction related employment practices do not constitute disparate impact discrimination under Title VII of the Civil Rights Act of 1964, (ii) that Defendants cannot enforce the interpretation of Title VII contained in the Guidance regarding felony-conviction employment practices and disparate impact liability , and (iii) that Defendants cannot issue right-to-sue letters to individuals claiming that the State's employment practices violate Title VII "pursuant" to the interpretation of Title VII contained in the Guidance regarding arrest and conviction records. Second Amended Compl. (SAC) ¶ 43-44, ECF No. 62.

Texas's Second Amended Complaint also contains a Count II, which challenged the Guidance under the Administrative Procedure Act. It asked the Court to set aside the Guidance on three grounds: 1) that the EEOC exceeded its statutory authority in issuing the Guidance because "Congress withheld rulemaking authority from the EEOC," 2) that the Guidance is a rule subject to notice-and-comment procedures mandated by the APA, and 3) that the Guidance is "plainly contrary to the text of Title VII and, in the alternative, it is an unreasonable interpretation of Title VII." SAC ¶¶ 48-50.

The Parties filed cross-motions for summary judgment. In addition to challenging the legal basis for each of Texas's claims, Defendants argued in their summary judgment briefing that Texas lacks standing to pursue Count II, pointing to undisputed evidence adduced in discovery indicating that Texas has not suffered any concrete injury as a result of the Guidance, whether as the result of an "increased regulatory burden" or otherwise. Defs.' Mem. at 24-25, ECF No. 92. Defendants also demonstrated that Texas's broader sovereign interest and forced choice theories of injury were legally insupportable and without factual foundation. Defs.' Mem. at 25-27; Defs.' Opp'n at 5-8, ECF No. 100.

The Court ultimately issued an Order granting in part and denying in part the Parties' respective motions. Order, Feb. 1, 2018, ECF No. 117. The Court denied Texas relief as to Count I, holding that application of Texas's argument to all jobs and all people was "illogical" and that "a categorical denial of employment opportunities to all job applicants convicted of a prior felony paints with too broad a brush and denies meaningful opportunities of employment." *Id.* at 3. The Court did, however, grant Texas's motion for summary judgment on the first prong of its APA claim in Count II, holding that the Guidance is a "substantive rule issued without notice and the opportunity for comment." *Id.* The Court declined to proceed to the remainder of Count II because, given its ruling on the notice and comment issue, such findings were not "necessary to the adjudication of the claims and would be premature." *Id.* at 3-4. The Court issued an accompanying Judgment in which it enjoined Defendants from "enforcing the EEOC's interpretation of the Guidance against the State of Texas until the EEOC has complied with the notice and comment requirements under the APA for promulgating an enforceable substantive rule." Judgment at 1.

## STANDARD

Under Federal Rule of Civil Procedure 59(e), a party may move a district court to alter or amend a judgment within 28 days of its issuance. "The district court has considerable discretion in deciding whether to reopen a case under 59(e)." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). In exercising its discretion, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Id.* The Federal Rules also dictate the "contents . . . of [e]very [i]njunction." Fed. R. Civ. P. 65(d). Rule 65 requires, in relevant part, that every injunction "state its terms specifically" and "describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required." Rule 65(d)(1)(B), (C).

## ARGUMENT

### I.  Scope of Injunction

Defendants request that the Court clarify whether the injunction is intended to prohibit them, in any enforcement action against the State of Texas, from adopting an *interpretation of Title VII* similar to or the same as that contained in the Guidance. A literal interpretation of the injunction would not bar Defendants from adopting any interpretation of Title VII because the injunction speaks in terms of the "EEOC's interpretation of *the Guidance*," not Title VII. Judgment at 1 (emphasis added). Moreover, in its ruling on Count I, the Court rejected Texas's request to invalidate the EEOC's interpretation of Title VII. Order at 3 (deeming the outcome of Texas's position on the substance of Title VII "illogical"). And Defendants can perceive no legal rationale for a ban on an interpretation of Title VII, separate and apart from the Guidance. Indeed, the Court's interpretation of Title VII is consistent with the EEOC's substantive

interpretation of Title VII. *Id.* All of this indicates that, under the judgment, the Defendants may use an interpretation of Title VII like that found in the Guidance in an enforcement action against Texas, as long as they are doing so because they think it is the correct reading of the statute and not because they feel bound to the interpretation as an element of the Guidance. Defendants thus request that the Court clarify that the injunction prohibits only enforcement of the Guidance itself, not enforcement of any particular interpretation of the underlying statutory provisions of Title VII.[1]

If, however, the Court meant to prohibit Defendants (in any enforcement action against the State of Texas) from relying on an interpretation of Title VII that is the same or similar to one contained in the Guidance, then Defendants request that the Court reconsider that decision. Importantly, that decision would potentially bar the Department of Justice from ever relying on the interpretation of Title VII contained in the Guidance. Although the Court's Judgment states that the EEOC may re-issue the Guidance after notice and comment, it also declares that the

---

[1] Defendants can offer the Court comfort to the extent it is concerned about the enforcement of the Guidance *per se*. Any enforcement action would be brought by the Department of Justice, which did not issue and is not bound by the Guidance. Moreover, the Department would not enforce the Guidance in any enforcement action against Texas (or any other employer). It would enforce only Title VII. The State of Texas, in other words, would never face an enforcement action for violating the Guidance; any enforcement action would be premised on a violation of Title VII. That has been the Department's position throughout this litigation. *See* Reply in Support of Supplemental Brief Seeking Dismissal, ECF No. 50, Nov. 23, 2016. And that position has been bolstered by a memorandum recently issued by then-Associate Attorney General Rachel Brand, which declares that, "effectively immediately for [Affirmative Civil Enforcement Cases], the Department may not use its enforcement authority to effectively convert agency guidance documents into binding rules." *See* Memo re Limiting the Use of Agency Guidance Documents in Affirmative Civil Enforcement Cases, from the Associate Attorney General, Jan. 25, 2018, available at https://www.justice.gov/file/1028756/download. In short, agency policy unequivocally bars the Department from "enforcing" the Guidance in any future civil enforcement action. Thus, not only is there no cause for prohibiting the Defendants from adopting an interpretation of Title VII because it happens to be contained in the Guidance, but there is no cause for concern regarding the "enforcement" of the Guidance.

Guidance is a "substantive rule." Judgment at 1. The EEOC, however, is prohibited from issuing legally binding rules interpreting Title VII's substance (thus, underscoring Defendants' position that the Guidance is not and cannot be a substantive rule). *Gen. Elec. Co. v. Gilbert*, 429 U.S. 125, 141 (1976). Accordingly, on this reading of the injunction—and absent action by a higher court or reconsideration by this Court or an Act of Congress—the interpretation of Title VII contained in the Guidance would (apparently) be forever out of the Defendants' reach with respect to enforcement actions against Texas. It would remain locked in the Guidance. This outcome would be inconsistent with the Court's opinion, as it "decline[d] to declare that Texas has a right to maintain and enforce its laws and policies that absolutely bar convicted felons (or certain categories of convicted felons) from serving in any job the State and its Legislature deems appropriate." Order at 3. In other words, the Court rejected Texas's invitation to invalidate the interpretation of Title VII contained in the Guidance. Thus, there is no reason to (potentially) forever prohibit the Department of Justice from relying on an interpretation of Title VII in an enforcement action against Texas simply because it can also be found in the Guidance that the Department neither promulgated nor adopted.

## II.     Standing

Defendants also request that the Court alter or amend its Order and Judgment on the issue of Texas's standing to pursue Count II. Defendants argued at summary judgment that Texas lacks standing to pursue Count II against either EEOC or the Department of Justice. Defendants produced evidence that Texas has not suffered any "increased regulatory burden" as a result of the Guidance and has not faced any Department of Justice enforcement proceedings pursuant to Title VII in this context, and noted Texas's failure to proffer any countervailing evidence. Defs.' Mem. at 24-25. Defendants also argued that Texas has not shown any direct conflict between

Texas law and Title VII that would support the conclusion that it has faced any "Hobson's choice" between repealing or modifying its own laws or facing adverse legal consequences. *Id.* at 25-26; *see also* Defs.' Opp'n at 5-8. Defendants further argued that any broader theory of injury simply premised on a vague invasion of state sovereignty is inconsistent with Supreme Court precedent. Defs.' Mem. at 27.

The Fifth Circuit holds that standing is both a legal question and one raising underlying fact issues. *Perez v. Bruister*, 823 F.3d 250, 257 (5th Cir. 2016). In keeping with this proposition, "[w]hen the defendant moves for summary judgment because of lack of standing . . . the plaintiff must submit affidavits and comparable evidence that indicate a genuine issue of fact exists on the standing issue." *Ass'n of Comm. Organizations for Reform Now v. Fowler*, 178 F.3d 350, 357 (5th Cir. 1999) (citation omitted). Thus, Texas was obligated to "point to specific summary judgment evidence" demonstrating its standing in response to the Defendants' Motion. *Id.*

Neither the Court's Order nor Judgment expressly addressed Texas's standing to pursue its claims. While the Court implicitly rejected Defendants' arguments and concluded Texas does have standing to pursue Count II by entering a final judgment providing some relief to Texas, it is unclear how the Court resolved the underlying factual and legal disputes. For example, Defendants pointed to the absence of any evidence of a regulatory burden imposed on Texas by the Guidance on the State. Defendants similarly argued that the evidence as well as the legal import of the Guidance's terms showed that no "Hobson's choice" had been imposed on Texas as to whether it must repeal or modify any State law or practice or face adverse consequences. To facilitate the possible appeal of the Order and Judgment, Defendants seek amendment of the

Order and Judgment to specify any factual findings made in determining Texas's standing to pursue Count II.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant this motion and alter or amend the Order and Judgment in the following manner:

1. Clarify that, with respect to the State of Texas, the Judgment does not forbid Defendants from enforcing any interpretation of Title VII's disparate impact provisions;

2 . Specify the factual findings made in concluding that Texas has Article III standing to pursue Count II of the Second Amended Complaint.

Dated: March 1, 2018

Respectfully submitted,

Counsel for Defendants:

CHAD A. READLER
Acting Assistant Attorney General

ERIN NEALY COX
United States Attorney

JOSHUA E. GARDNER
Assistant Director, Federal Programs Branch

 /s/ James R. Powers
JAMES R. POWERS (TX. Bar No. 24092989)
Trial Attorney
JUSTIN M. SANDBERG (Ill. Bar No. 6278377)
Senior Trial Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue NW
Washington, DC 20001
(202) 353-0543
james.r.powers@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on March 1, 2018, I served the foregoing via the CM/ECF System on counsel of record for Plaintiff:

> Scott Keller
> Austin Nimocks
> Andrew Leonie
> Andrew Oldham
> Arthur D'Andrea
> Michael Toth
> David Hacker
> Office of the Texas Attorney General
> 209 West 14th Street
> P.O. Box 12548
> Austin, Texas 70711-2548

 _s/ James R. Powers_
JAMES R. POWERS
Trial Attorney, Federal Programs Branch

## CERTIFICATE OF CONFERENCE

I certify that on February 28, 2018, Justin Sandberg and myself conferred with counsel for Plaintiff Austin Nimocks, David Hacker, and Andrew Leonie via email to determine whether Plaintiff opposes this motion. Counsel noted Plaintiff's opposition.

 _s/ James R. Powers_
JAMES R. POWERS
Trial Attorney, Federal Programs Branch